# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF PLUMBERS LOCAL 98 DEFINED
BENEFIT PENSION FUND, PLUMBERS LOCAL 98
DEFINED CONTRIBUTION FUND, PLUMBERS
LOCAL 98 INSURANCE FUND, PLUMBERS
LOCAL 98 SUB TRUST FUND, PLUMBERS LOCAL
98 RETIREE BENEFIT FUND, METRO-DETROIT
PLUMBING INDUSTRY TRAINING TRUST and
JOINT ADMINISTRATIVE COMMITTEE
OF THE PLUMBING & PIPEFITTING INDUSTRY
IN THE DETROIT AREA,

        Plaintiffs,

-vs-

Case No.  20-cv-
Hon.

MARK H. WARD d/b/a CUT AND CORE
CONCRETE CUTTING, LLC and MARK
H. WARD, individually,

        Defendants.

*AsherKelly, PLLC*
DAVID J. SELWOCKI (P51375)
MELISSA M. KELM (P81739)
JOHN D. McCLUNE (P51948)
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
(248) 746-2759
dselwocki@asherkellylaw.com
mkelm@asherkellylaw.com
jmcclune@asherkellylaw.com

# COMPLAINT

*NOW COME* the above-named Plaintiffs, by and through their attorneys, AsherKelly, PLLC, and for their Complaint against Defendants, MARK H. WARD d/b/a CUT AND CORE CONCRETE CUTTING, LLC and MARK H. WARD, individually, state as follows:

1. Plaintiffs are the Trustees of PLUMBERS LOCAL 98 DEFINED BENEFIT PENSION FUND, PLUMBERS LOCAL 98 DEFINED CONTRIBUTION FUND, PLUMBERS 98 INSURANCE FUND, PLUMBERS LOCAL 98 SUB TRUST FUND, PLUMBERS LOCAL 98 RETIREE BENEFIT FUND, METRO-DETROIT PLUMBING INDUSTRY TRAINING TRUST and JOINT ADMINISTRATIVE COMMITTEE OF THE PLUMBING & PIPEFITTING INDUSTRY IN THE DETROIT AREA (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Troy, Oakland County, Michigan.

2. Defendant MARK H. WARD d/b/a CUT AND CORE CONCRETE CUTTING, LLC is currently a business with its principal offices in the State of Michigan (hereinafter "CUT AND CORE").

2

3. Defendant CUT AND CORE is the former d/b/a of MJM Partners, LLC. Such d/b/a had expired in 2016 pursuant to corporate records filed with the State of Michigan.

4. Defendant, MARK H. WARD (hereinafter "Individual Defendant") is the individual who is the principal owner and officer of CUT AND CORE. The Individual Defendant is responsible for running the day-to-day operations of CUT AND CORE and is responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

5. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is the employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

6. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local 98 (hereinafter referred to as "Union") and certain

3

Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

7. The Plan Documents, Agreements and Declarations of Trust establishing Plaintiff FUNDS are made a part of the Collective Bargaining Agreement by reference and the Company agrees to be bound by and comply with the Plan Documents, Trust Agreements, and Amendments thereto, all related agreements, rules, regulations, policies, reporting forms and other requirements lawfully established by the Trustees of said FUNDS not in conflict with the terms of the Collective Bargaining Agreement.

8. At all times relevant hereto, Defendant CUT AND CORE was bound to a Collective Bargaining Agreement with the Union.

9. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

10. Pursuant to the terms and provisions of the Collective Bargaining Agreements between CUT AND CORE and the Union, CUT AND CORE agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by CUT AND CORE and covered by the Agreement.

11. That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents for the FUNDS, contributions become vested plan assets on the date on which they are due.

12. That pursuant to the Collective Bargaining Agreements and the Trust and Plan documents, Defendant CUT AND CORE is required to make fringe benefit contribution payments to be remitted in such manner and time as designated within the Collective Bargaining Agreements.

13. That pursuant to the Collective Bargaining Agreement and the Trust and Plan documents, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

14. That delinquent payments of contributions are the misuse of Plan assets when the assets of CUT AND CORE are used for purposes other than the payment of the due and owing contributions.

15. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

16. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and §1145.

17. This Court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

### COUNT I – BREACH OF COLLECTIVE BARGAINING AGREEMENT AND 29 USC §1145

18. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 16 above as though fully set forth herein.

19. That notwithstanding their contractual obligations, CUT AND CORE has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to, 29 USC §1145.

20. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

    A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

    B.    Enter an Order that Defendant CUT AND CORE open its books and records for a complete payroll audit;

    C.    Enter a Judgment in favor of Plaintiffs against Defendants CUT AND CORE and MARK H. WARD, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit costs, any other collection costs, the mandates of 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

    D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

    E.    Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – BREACH OF FIDUCIARY DUTIES
## OF INDIVIDUAL DEFENDANT

21.    Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 19 above as though fully set forth herein.

22.    The Individual Defendant is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

23. That, pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents for the FUNDS, benefit contributions become vested plan assets on the date on which they are due.

24. That Defendant MARK H. WARD exercised authority and/or control over the management or disposition of those assets.

25. That Defendant MARK H. WARD exercised his authority and control over plan assets when he paid other expenses rather than contributions.

26. That Defendant MARK H. WARD exercised the aforementioned authority and determined to use to CUT AND CORE's corporate finances to pay expenses of CUT AND CORE, including but not limited to the continued business operation expenses of CUT AND CORE while the employee benefit contributions were not paid.

27. By engaging in the acts and omissions described, the Individual Defendant has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

28. The Individual Defendant is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant CUT AND CORE open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants CUT AND CORE and MARK H. WARD, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit costs, any other collection costs, the mandates of 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**ASHERKELLY, PLLC**

/s/David J. Selwocki
Attorney for Plaintiffs
25800 Northwestern Hwy., Suite 1100
Southfield, MI  48075
(248) 746-2759
dselwocki@asherkellylaw.com
P51375

Dated:  September 30, 2020

W2439851.DOC