UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF PLUMBERS LOCAL 98
DEFINED BENEFIT PENSION FUND, ET AL.,

Plaintiffs,

v.

MARK H. WARD d/b/a CUT AND CORE
CONCRETE CUTTING, LLC AND MARK H.
WARD, INDIVIDUALLY,

Defendants.
_____/

Case No. 20-cv-12665

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

<u>**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT [#9]**</u>

**I. INTRODUCTION**

On September 30, 2020, Plaintiffs Plumbers Local 98 Defined Benefit Pension Fund, Plumbers Local 98 Defined Contribution Fund, Plumbers Local 98 Insurance Fund, Plumbers Local 98 Sub Trust Fund, Plumbers Local 98 Retiree Benefit Fund, Metro-Detroit Plumbing Industry Training Trust, and Joint Administrative Committee of the Plumbing & Pipefitting Industry in the Detroit Area (hereinafter, "Plaintiffs") filed the instant action against Defendants Mark H. Ward d/b/a Cut and Core Concrete Cutting, LLC and Mark H. Ward (together, "Defendants"). ECF No. 1. Since the commencement of this lawsuit, Defendants

1

have not retained counsel, nor have they attempted to participate in the proceedings in any way prior to the Court's scheduled hearing.

Presently before the Court is Plaintiff's Motion for for Default Judgment. ECF No. 9.  A hearing on Plaintiff's Motions was held on June 10, 2021.  ECF No. 10.  For the reasons that follow, the Court will **GRANT** Plaintiff's Motion for Default Judgment [#9].

## II. BACKGROUND

Plaintiffs are benefit trust funds that are established under and administered pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  They filed this action against Defendants for delinquent fringe benefits pursuant to 29 U.S.C. § 1132(g)(2) and § 1145, and for liquidated damages pursuant to the parties' Collective Bargaining Agreement ("CBA").  To date, Defendants have failed to respond to Plaintiffs' Complaint or otherwise defend this matter.

On October 29, 2020, Plaintiffs requested that the Clerk of the Court enter a default as to all Defendants.  ECF No. 6.  On the following day, the Clerk entered a default against Defendants for their failure to respond to the Summons and Complaint in accordance with Federal Rule of Civil Procedure 55(a).  ECF Nos. 7,

8. Thereafter, Plaintiffs filed their present Motion. ECF No. 9. Defendants failed to respond to Plaintiffs' Motion.

Defendant Mark H. Ward appeared for the first time in this matter on the day of the scheduled hearing for Plaintiffs' present Motion. At the hearing, Defendant Ward indicated that he had a verbal agreement with Plaintiffs regarding the outstanding amount. He explained that he did not know he was responsible for the fringe benefit contribution payments. Defendant Ward acknowledged that he did not respond to the Complaint or otherwise defend this action prior to the Court's hearing on the present Motion. The Court explained to Defendant Ward that his oral objections to the present Motion, on their own, were not adequate to respond to the present Motion. The Court also acknowledged that Defendant Ward failed to present any evidence to challenge Plaintiffs' Motion. At the end of the hearing, the Court encouraged Defendant Ward to communicate with Plaintiffs regarding a payment plan going forward. The Court also asserted that it has the authority to issue a payment plan in the future should the parties be unable to reach an agreement.

Plaintiffs seek an entry of a default judgment against Defendants for a sum certain—a fixed, calculable amount of contributions owed for the period of January 2013 through December 2018, as well as attorney fees, costs, liquidated damages, and interest on unpaid contributions. In their Motion, Plaintiffs request a judgment including: (a) $20,831.52 in audited fringe benefit contributions calculated for the

period of January 2013 through December 2018; (b) $3,687.10 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B); (c) $3,687.10 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(i); and (d) $1,995.50 in attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and the CBA. At the hearing, Plaintiffs indicated that they received a payment from Defendants on March 5, 2021. Accordingly, Plaintiffs asked the Court for an updated default judgment in the total amount of $26,838.05.

### III. Legal Standard

Federal Rule of Civil Procedure 55(b) permits the entry of judgment against a defendant who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b). To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citation omitted).

Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (citation omitted). Rule 55(b)(2) provides that the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, a

4

hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits. *McIntosh v. Check Resolution Serv., Inc.,* No. 10–14895, 2011 WL 1595150, at *4 (E.D. Mich. April 27, 2011) (citations omitted).

## IV. ANALYSIS

Plaintiffs are entitled to default judgment against the Defendants. Generally, "[u]pon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true." *Trs. of Roofers Loc. 149 Sec. Benefit Tr. Fund v. Traverse Bay Roofing Co.*, No. 16-13091, 2017 WL 1021066, at *1 (E.D. Mic. Mar. 16, 2017) (citations omitted).

Accepting as true the facts set forth in the present Complaint, Defendants agreed to pay, in addition to wages, employee fringe benefit contributions for each employee employed by Cut and Core Concrete Cutting, LLC and covered by the CBA. Defendants were required to make fringe benefit contribution payments in a manner and time as set forth in the CBA. When such payments and contributions were not timely made, Defendants were to be charged with liquidated damages, costs of collection, and attorney fees. The delinquent payments of contributions are the misuse of plan assets when Cut and Core Concrete Cutting, LLC's assets are used for purposes other than the payment of the due and owing contributions.

Additionally, Defendant Mark H. Ward, who exercised authority and/or control over the management and disposition of the plan assets, breached his fiduciary duties within the meaning of 29 U.S.C. § 1104(a)(1)(A). Defendant Ward exercised such authority and determined to use his Cut and Core Concrete Cutting, LLC's corporate finances to pay its expenses, including those related to continued business operations, while the employee benefit contributions were not timely paid. He is thus liable based on breaching his fiduciary duties pursuant to 29 U.S.C. § 1109(a).

Upon review of the present Complaint, the Court concludes that Defendants violated their contractual and statutory obligations by failing to make fringe benefit contributions and assessments due on behalf of all employees covered under the CBA. Because of Defendants' failures, Plaintiffs have suffered significant financial losses. Under ERISA, if judgment is awarded in favor of a plan in a suit brought on behalf of the plan pursuant to 29 U.S.C. § 1145, the Court shall award the plan—

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of—

       (i)     interest on the unpaid contributions, or

       (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). For purposes of provision (g)(2), "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under 6621 of Tile 26." 29 U.S.C. § 1132(g)(2).

As indicated above, Plaintiff seek to recover the following:

- Unpaid fringe benefit contributions for the period of January 2013 through December 2018: $20,831.52
- Interest on the unpaid fringe benefit contributions, 29 U.S.C. § 1132(g)(2)(B): $3,687.10
- Interest on the unpaid fringe benefit contributions, 29 U.S.C. § 1132(g)(2)(C)(i): $3,687.10
- Attorney fees and costs of collection: $1,995.50
    - Fees: $1,462.00
    - Costs: $533.50

ECF No. 9, PageID.24; ECF No. 9-4, PageID.143. To reiterate, Plaintiffs updated their requested amount at the hearing in light of Defendants' March 5, 2021 payment. Plaintiffs now seek to recover $26,838.05. In support of their request, Plaintiffs filed a copy of the CBA (ECF No. 9-2), several documents indicating the interest on the

7

unpaid contributions (ECF No. 9-3), and an affidavit of attorney David J. Selwocki to establish the amount of costs and attorney fees incurred (ECF No. 9-4).

ERISA provides for an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant [and] such other legal or equitable relief as the court deems appropriate," if judgment is awarded in favor of the plan. 29 U.S.C. § 1132(g)(2)(D). As indicated above, Plaintiffs submitted the affidavit of attorney Selwocki to establish the requested amount of attorney fees and costs. ECF No. 9-4. In the affidavit, counsel asserts that the hourly rate for the instant matter is as follows: "$215.00 for Shareholders, $185.00 for Associates, and $85.00 for Paralegals. A total of 6.8 hours (6.8 for Shareholder time) were expended from March 1, 2020 through October 29, 2020 … for a total of $1,462.00 through October 29, 2020." *Id.* at PageID.142. Counsel states that the aforementioned rates are "comparable, reasonable and consistent with the industry." *Id.* The Court agrees that the rates are reasonable and fall within the prevailing market rates for attorneys at similar levels. *See 2020 Economics of Law Practice: Attorney Income and Billing Rate Summary Report*, State Bar of Michigan https://www.michbar.org/file/pmrc/articles/0000155.pdf (last visited June 2, 2021). Additionally, the Court takes notice that counsel provides a breakdown of the costs incurred in this matter: $400.00 for the filing fee and $133.50 for the Service of Process, totaling $533.50. *Id.* at PageID.142–43. In sum, the Court concludes that

Plaintiffs' request for attorney's and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) is reasonable.

Having carefully reviewed Plaintiffs' documentation setting for their damage calculations, the Court finds that Plaintiffs have established their right to recover the damages set forth in the present Motion for Default Judgment, including the requested attorney's fees and costs.  Accordingly, the Court will grant Plaintiffs' Motion in its entirety.[1]

## V. Conclusion & Order

For the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment [#9] is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment in the total amount of $26,838.05 is entered in favor of Plaintiffs and against Defendants.

**IT IS FURTHER ORDERED** that Defendants shall comply with all terms and conditions of the applicable Collective Bargaining Agreement regarding the payment of contributions, including, but not limited to, timely payment of contributions and posting of the required cash deposit or surety.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter pending Defendants' compliance with the present Order.

---

[1] The Court reiterates once more that Plaintiffs moved for an updated judgment in the total amount of $26,838.05, rather than the initial request of $30,201.22, in light of Defendants' March 5, 2021 payment.

9

**IT IS SO ORDERED.**

Dated:      June 11, 2021

s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 11, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager